# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| JEROLD GLENN S., | Case No. 1:24:cv-00145-REP |
| Plaintiff, | |
| vs. | **MEMORANDUM DECISION AND ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Pending is Plaintiff Jerold Glenn S.'s Complaint (Dkt. 1), appealing the Social Security Administration's denial of his disability claim. This action is brought pursuant to 42 U.S.C. § 405(g). Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

## I. <u>ADMINISTRATIVE PROCEEDINGS</u>

On August 13, 2020, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits. Plaintiff alleged disability beginning July 25, 2019 (later amended to March 1, 2020). The claim was initially denied on October 14, 2021, and again on reconsideration on February 14, 2022. On February 18, 2022, Plaintiff filed a Request for Hearing before an Administrative Law Judge ("ALJ"). On February 16, 2023, ALJ Helen Valkavich held an online video hearing (due to the COVID-19 pandemic), at which time Plaintiff, appearing with his attorney Andrew Reichardt, testified. Heather Smith, an impartial vocational expert, also appeared (by telephone) and testified at the same hearing.

**MEMORANDUM DECISION AND ORDER - 1**

On May 3, 2023, the ALJ issued a decision denying Plaintiff's claims, finding that he was not disabled within the meaning of the Social Security Act. Plaintiff timely requested review from the Appeals Council. On January 18, 2024, the Appeals Council denied Plaintiff's Request for Review, making the ALJ's decision the final decision of the Commissioner of Social Security.

Having exhausted his administrative remedies, Plaintiff brings this action. *See generally* Compl. (Dkt. 1). He alleges that the ALJ erred by not considering whether certain of his claimed impairments constituted "medically determinable impairments" at step two of the sequential process. Pl.'s Brief at 4-9 (Dkt. 13). Plaintiff therefore requests that the Court either reverse the ALJ's decision and find that he is entitled to benefits or remand the case for further administrative proceedings. *Id*. at 9.

## II.  <u>STANDARD OF REVIEW</u>

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards. 42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664 (9th Cir. 2017). Findings as to any question of fact, if supported by substantial evidence, are conclusive. *See* 42 U.S.C. § 405(g). If there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The standard requires

more than a scintilla but less than a preponderance. *Trevizo*, 871 F.3d at 674. It "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the Court is to review the record as a whole to decide whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Treichler*, 775 F.3d at 1098. Where the evidence is susceptible to more than one rational interpretation, the reviewing court must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *Ludwig*, 681 F.3d at 1051. In such cases, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

The decision must be based on proper legal standards and will be reversed for legal error. *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015). Considerable weight is given to the ALJ's construction of the Social Security Act. *See Vernoff v. Astrue*, 568 F.3d 1102, 1105 (9th Cir. 2009). But the Court "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

### III. <u>THE SEQUENTIAL PROCESS</u>

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (20

**MEMORANDUM DECISION AND ORDER - 3**

C.F.R. §§ 404.1520, 416.920) – or continues to be disabled (20 C.F.R. §§ 404.1594, 416.994) – within the meaning of the Social Security Act.

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA").  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). SGA is work activity that is both substantial and gainful.  20 C.F.R. §§ 404.1572, 416.972.  "Substantial work activity" is work activity that involves doing significant physical or mental activities.  20 C.F.R. §§ 404.1572(a), 416.972(a).  "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized. 20 C.F.R. §§ 404.1572(b), 416.972(b).  If the claimant has engaged in SGA, disability benefits are denied regardless of his medical condition, age, education, and work experience.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If the claimant has not engaged in SGA, the analysis proceeds to the second step.  Here, the ALJ found that Plaintiff had not engaged in SGA since March 1, 2020 (the amended alleged onset date).  AR 19.

The second step requires the ALJ to determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration requirement.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  An impairment or combination of impairments is "severe" within the meaning of the Social Security Act if it significantly limits an individual's physical or mental ability to perform basic work activities.  20 C.F.R. §§ 404.1520(c), 416.920(c).  An impairment or combination of impairments is "not severe" if it does not significantly limit the claimant's physical or mental ability to do basic work activities.  20 C.F.R. §§ 404.1522, 416.922.  If the claimant does not have a severe medically determinable impairment or

**MEMORANDUM DECISION AND ORDER - 4**

combination of impairments, disability benefits are denied.  20 C.F.R. §§ 404.1520(c), 416.920(c).  Here, the ALJ found that Plaintiff had the following severe medically determinable impairments: "depressive/bipolar disorder, anxiety disorder, Tourette's syndrome/tic disorder, post-traumatic stress disorder ("PTSD"); diabetes mellitus, obesity, sleep apnea; degenerative joint disease of the right knee; and osteoarthritis of the bilateral hands and carpal tunnel syndrome of the right hand."  AR 19-20.

The third step requires the ALJ to determine the medical severity of any impairments; that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the answer is yes, the claimant is considered disabled under the Social Security Act and benefits are awarded.  20 C.F.R. §§ 404.1520(d), 416.920(d).  If the claimant's impairments neither meet nor equal one of the listed impairments, the claimant's case cannot be resolved at step three and the evaluation proceeds to step four.  20 C.F.R. §§ 404.1520(e), 416.920(e).  Here, the ALJ concluded that Plaintiff's above-listed medically determinable impairments, while severe, did not meet or medically equal, either singly or in combination, the criteria established for any of the qualifying impairments.  AR 20-22.

The fourth step requires the ALJ to determine whether the claimant's residual functional capacity ("RFC") is sufficient for the claimant to perform past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments.  20 C.F.R. §§ 404.1545, 416.945.  An individual's past relevant work is

**MEMORANDUM DECISION AND ORDER - 5**

work he performed within the last 15 years, or 15 years prior to the date that disability

must be established, if the work lasted long enough for the claimant to learn to do the job

and be engaged in SGA.  20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965.

Here, the ALJ concluded:

> After careful consideration of the entire record, the undersigned finds that
> the claimant has the residual functional capacity to perform light work as
> defined in 20 CFR 404.1567(b) except the claimant can/is further limited as
> follows:
>
> - Can lift and carry, as well as push and pull 20 pounds occasionally and
>   10 pounds frequently.
>
> - Sit 6 hours, and can stand and/or walk 6 hours in an eight-hour workday.
>
> - Never climb ladders, ropes and scaffolds or crawl.  Occasionally climb
>   ramps and stairs, balance, kneel and crouch.  Can frequently stoop.
>
> - Never work at unprotected heights, never work with exposed moving
>   mechanical parts.  Avoid concentrated exposure to dust, odors, fumes and
>   pulmonary irritants.
>
> - Can understand, follow, and carry out simple, as well as detailed but not
>   complex, instructions.  Can do routine and repetitive tasks.
>
> - Cannot perform work requiring a specific production rate such as
>   assembly line work or work that requires hourly quotas, but can meet
>   general production demands.
>
> - Can have interactions with co-workers and public that do not involve
>   persuading, negotiating, or instructing.
>
> - Capable of work in a stable work environment where work place and
>   work process remain generally the same at least two-thirds of the time.

AR 22-27.

**MEMORANDUM DECISION AND ORDER - 6**

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of his impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1520(f), 416.920(f); *see also Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014).  If the claimant can do such other work, he is not disabled; if the claimant cannot do other work and meets the duration requirement, he is disabled.  Here, the ALJ found that Plaintiff was able to perform his past relevant work as a factory clerk. AR 27-28.  The ALJ alternatively concluded that Plaintiff was capable of working full-time as a router, inspector/hand packager, or routing clerk.  AR 28-29.  Based on these findings, the ALJ concluded that Plaintiff had not been under a disability from March 1, 2020 (the amended alleged onset date) through the date of the decision.  AR 29.

## IV.  ANALYSIS

At steps two and three of the sequential process, an ALJ must determine whether a claimant's medically determinable impairment, or combination of impairments, is of a severity to meet or medically equal the criteria of a listed impairment.  *Supra*.  If so, that claimant is disabled.  *Id*.  But critically, all medically determinable impairments – even those not deemed severe – must be considered when determining a claimant's RFC at step four of the sequential process.  20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, *including your*

*medically determinable impairments that are not 'severe,'* . . . when we assess your residual functional capacity.") (internal citations omitted, emphasis added). Plaintiff contends that, even though the ALJ concluded that he had several severe medically determinable impairments, she nonetheless (i) ignored this directive by failing to additionally consider his obsessive compulsive disorder ("OCD"), attention-deficit disorder ("ADD"), attention-deficit/hyperactivity disorder ("ADHD"), and Long COVID as medically determinable impairments (whether severe or not) and, thus, (ii) failed to incorporate their corresponding limitations into his RFC. Pl.'s Brief at 4-9 (Dkt. 13).

Defendant disagrees, countering that the distinction between non-severe and severe medically determinable impairments is immaterial since the ALJ decided step two in Plaintiff's favor and the ALJ's RFC analysis at step four accounted for all of Plaintiff's medically determinable impairments – both non-severe and severe. Def.'s Brief at 2 (Dkt. 15) (describing step two as "'merely a threshold determination meant to screen out weak claims'" and that the RFC assessment "should 'be exactly the same regardless of whether certain impairments are considered severe or not.'") (quoting *Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017)). To emphasize this point, Defendant states that the ALJ considered all of Plaintiff's allegations in assessing his RFC, including OCD, ADD, ADHD, and Long COVID. *Id.* at 2-3 (citing AR 23); *see also id.* at 3, n.1 (also suggesting that the ALJ found that Plaintiff's allegations about these same conditions were not fully reliable and that Plaintiff does not challenge this finding) (citing AR 27)).

Defendant misunderstands Plaintiff's argument. Plaintiff is not arguing that the ALJ erred by failing to find his OCD, ADD, ADHD, and Long COVID severe medically

determinable impairments at step two.  Pl.'s Brief at 7 (Dkt. 13).  That is because the ALJ never bothered to assess whether these additional conditions were medically determinable impairments in the first instance.  It is *that* failure that supports Plaintiff's claim that the ALJ erred.  *Id*.

Defendant is correct that an error in the omission of an impairment at step two is not reversible error (that is, harmless) if the impairment was properly considered at subsequent steps.  *See Buck*, 869 F.3d at 1049.  However, here, the ALJ did not analyze the record evidence about Plaintiff's OCD, ADD, ADHD, and Long COVID at any step.  Rather, the ALJ merely noted in passing that Plaintiff alleged disability due to these conditions in a "Disability Report – Adult" and two "Disability Report(s) – Appeals."  AR 23 (citing AR 207, 247, 266).  Contrary to Defendant's claim (*supra*), this cursory statement, without more, does not amount to a consideration of these conditions at step four and, therefore, does not render the ALJ's error harmless.  *See Theresa M.C. v. Kijakazi*, 2022 WL 22883438, at *4 (C.D. Cal. 2022) (citing *Thomas v. Colvin*, 826 F.3d 953, 959 (7th Cir. 2016) (rejecting as unconvincing a similar argument that the ALJ's failure to consider the 2010 criteria for fibromyalgia was harmless error "because, without any analysis from the ALJ, there is no basis for drawing any conclusions about what evidence he considered or overlooked"); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (failure to classify bursitis as a severe impairment was harmless error where the ALJ "extensively discussed" and considered bursitis).[1]

---

[1] It is also misleading to argue, as Defendant does here (*supra*), that the ALJ rejected Plaintiff's allegations about these conditions.  She did not because she only considered Plaintiff's

That does not end the analysis, however.  To warrant remand, Plaintiff's OCD, ADD, ADHD, or Long COVID must still be a medically determinable impairment since only medically determinable impairments are considered at step four.  *Supra*.  If none of these conditions rise to that level, there necessarily is no harm.

To be medically determinable, an impairment must "result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques."  20 C.F.R. §§ 404.1521, 416.921.  "Therefore, a physical or mental impairment must be established by objective medical evidence from an acceptable medical source."  *Id.*; *see also Ukolov v. Barnhart*, 420 F.3d 1002, 1006 (9th Cir. 2005) ("[R]egardless of how many symptoms an individual alleges, or how genuine the individual's complaints may appear to be, the existence of a medically determinable physical or mental impairment cannot be established in the absence of objective medical abnormalities; i.e, medical signs and laboratory findings.").  Objective medical evidence is something more than a claimant's statement of symptoms, a diagnosis, or a medical opinion.  *See* 20 C.F.R. §§ 404.1521, 416.921 ("We will not use your statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment(s).").  It is instead defined as laboratory findings or clinical examination signs, which means:

---

medically determinable impairments.  *See* AR 27 ("After careful consideration of the evidence, the undersigned finds that the claimant's *medically determinable impairments* could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.") (emphasis added).

**MEMORANDUM DECISION AND ORDER - 10**

> [O]ne or more anatomical, physiological, or psychological abnormalities that can be observed, apart from your statements (symptoms).  Signs must be shown by medically acceptable clinical diagnostic techniques.  Psychiatric signs are medically demonstrable phenomena that indicate specific psychological abnormalities, e.g., abnormalities of behavior, mood, thought, memory, orientation, development, perceptions, and must also be shown by observable facts that can be medically described and evaluated.

20 C.F.R. §§ 404.1502(f), (g), 416.902(f), (g).  Evidence exists in the record that this standard is met and that Plaintiff arguably has medically determinable impairments beyond those already identified by the ALJ.

Most obvious is the report from David Starr, PhD, a consultative examiner selected by the Commissioner to perform a psychological evaluation of Plaintiff. (AR 25, 27).  Relevant here, following that evaluation, Dr. Starr concluded matter-of-factly that Plaintiff "may best be diagnosed" with "obsessive-compulsive disorder (DSM 5, 300.3)."  But even though the ALJ found Dr. Starr's "views" persuasive and suggestive of "a severe medically determinable mental health impairment," she curiously never addressed whether Plaintiff's OCD was actually a medically determinable impairment.  AR 27.

Plaintiff also cites to multiple instances in the record where his OCD, ADD, ADHD, and Long COVID are documented.  Pl.'s Brief at 6-7 (citing AR 640, 1217, 1225, 1228, 1234, 1243, 1280, 1323, 1324, 1441 (for OCD); AR 837, 840, 845, 1058, 1241, 1850 (for ADD/ADHD); and AR 891, 916, 1136, 1287, 1960, 1350, 1855 (for Long COVID).  The Court has reviewed each of these records.  Some of them appear to confirm a diagnosis of, and ongoing treatment for, OCD (*see* AR 1225, 1228, 1234, 1323, 1850), ADD/ADHD (*see* AR 837, 840, 845, 1058, 1850) and Long COVID (*see* AR

**MEMORANDUM DECISION AND ORDER - 11**

1225, 1228, 1234, 1350).  On the other hand, some of them are not helpful, to the extent they reflect only Plaintiff's self-reports.  *See, e.g.*, AR 1241, 1855.

At bottom, in light of (i) Dr. Starr's report, (ii) the fact that the ALJ found Dr. Starr's report persuasive, and (iii) the existence of certain medical evidence in the record that points to the presence of possible additional medically determinable impairments, the ALJ's failure to explain why additional medically determinable impairments were not found at step two was error.  That error was not harmless because the identification of additional medically determinable impairments may have resulted in additional limitations in Plaintiff's RFC.  *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (error is not harmless if court cannot "confidently conclude that no reasonable ALJ . . . could have reached a different disability determination") (citation omitted).  Further proceedings are needed for the ALJ to reassess the record in these respects and, if necessary, reevaluate subsequent steps of the sequential process.  Remand is therefore appropriate.

///

///

///

///

///

///

///

///

**MEMORANDUM DECISION AND ORDER - 12**

# V. **ORDER**

Based on the foregoing, IT IS THEREFORE HEREBY ORDERED that the decision of the Commissioner is REVERSED, and the matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this decision.

DATED:  March 9, 2025



Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge